48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Thomas William Sinclair RICHEY, Plaintiff-Appellant,
v.
James SPALDING, Superintendent; et al., Defendants-Appellees.
 No. 94-35213.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 Appeal from the United States District Court for the Eastern District of Washington; No. CV-93-00044-CI, Cynthia Imbrogno, Magistrate Judge, Presiding.
 E.D.Wash.
 VACATED AND REMANDED.
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Thomas W.S. Richey appeals pro se the district court's summary judgment in favor of the defendants. Richey alleged that the defendants violated his First Amendment rights when they refused to let him receive a package containing three books sent from a retail bookstore. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we review de novo, see Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir.1990). We vacate the district court's judgment and remand for further proceedings.
 
 
 3
 On January 4, 1993, the Washington State Penitentiary mailroom received a package addressed to Richey containing three paperback books from Bauermeister Bookseller, a retail bookstore located in Scotland. The defendants rejected the package because the books were not prepaid from Richey's inmate account, but instead had been purchased and sent by Richey's aunt. After exhausting his administrative remedies, Richey instigated this action. The parties moved for summary judgment and the district court found that the three regulations in question were reasonably related to a legitimate penological interest and, therefore, constitutional under Turner v. Safley, 482 U.S. 78 (1987).
 
 
 4
 Richey raised a triable issue of fact as to whether the rule restricting the receipt of any item sent through the mail "if items are not ordered and approved in advance through facility-designated channels," Department of Corrections (DOC) Policy 450.100 Procedure (A)(2)(t), and the publisher-only rule, DOC Policy No. 450.100 Procedure (E)(1), are reasonably related to a legitimate penological objective in view of the exception which provides that inmates may receive quarterly packages containing Bibles, religious books, textbooks, diaries, or journals directly from family and friends, DOC Policy No. 450.100 Procedure (F). The district court's order does not address this argument.
 
 
 5
 This issue is material, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), because the lack of a reasonable relationship with a valid penological objective would be fatal to the rule restricting the receipt of any item sent through the mail if items are not ordered and approved in advance through facility-designated channels and the publisher-only rule. See Thornburgh v. Abbott, 490 U.S. 401, 413 (1989); Turner, 482 U.S. at 86-89. Furthermore, this issue is genuine, see Anderson, 477 U.S. at 248, because the exception which provides that inmates may receive quarterly packages containing Bibles, religious books, textbooks, diaries, or journals directly from family and friends might permit a reasonable jury to conclude the other policies are "arbitrary or irrational," Turner, 482 U.S. at 90, or represent an "exaggerated response" to legitimate penological concerns, id. at 87.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3